**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIRATH SINGH,<br><br>     Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | Nos. 13-71132<br>    13-72975<br><br>Agency No. A077-610-699<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 1, 2017[**]
San Francisco, California

Before: REINHARDT and BERZON, Circuit Judges, and AMON,[***] District
Judge.

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]  The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

In these consolidated petitions, Tirath Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denials of his motion to reopen based on ineffective assistance of counsel ("IAC") and his subsequent motion to reconsider. We review the BIA's denials of motions to reopen and motions to reconsider for abuse of discretion; we review questions of law, including due process IAC claims, de novo. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).

1. A motion to reopen an immigration decision on the basis that the petitioner was ineffectively represented requires the petitioner to make two showings: (1) that counsel failed to perform with sufficient competence, *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam); and (2) that the petitioner was prejudiced by the deficiencies, i.e., that the deficiencies "*could have affected the outcome of the proceedings*," *Singh v. Holder*, 658 F.3d 879, 887 (9th Cir. 2011). The BIA abused its discretion by concluding, based solely on a colloquy between Singh and the immigration judge ("IJ"), that Singh was not prejudiced by his second counsel's, Olumide Obayemi's, withdrawal of Singh's application for withholding of removal. The colloquy between Singh and the IJ clearly demonstrates that Singh never understood the consequences of agreeing to withdraw the application. Although the IJ clarified a major consequence of

2

withdrawing the application for withholding and CAT relief, he did not discuss the difference between that application and an application for cancellation of removal. Singh, meanwhile, never acknowledged the different types of applications at issue and instead repeatedly stated that he wanted to withdraw the application "to submit a new one." Given Singh's evident confusion and the IJ's failure to explain the different types of applications, their requirements, or the types of relief each offers, the BIA's reliance on the colloquy to conclude that Singh suffered no prejudice from his attorney's handling of the situation was not supported by substantial evidence.

2. The BIA additionally abused its discretion in concluding that alleged errors on the part of Singh's first immigration attorney, Hardeep Rai, could not "have affected the outcome" of Singh's immigration proceedings. *See Singh*, 658 F.3d at 887. First, the BIA erred by relying on Singh's May 2001 admission *through* counsel from Rai's firm that Singh entered the U.S. in 1992, without addressing Singh's contention that Rai was incompetent for failing to correct the record after Singh informed Rai that the date was incorrect.

Second, the BIA supported its conclusion by pointing to a colloquy between Singh and the IJ far too equivocal to constitute an admission by Singh under oath of his date of entry. The record reflects that Singh provided a one-word response,

"Yes," after an extended monologue by the IJ primarily related to the importance of Singh's fingerprinting obligation. Reading into the terse response to a prolix and compound statement an agreement to a small subpart of that statement was an abuse of discretion.

Finally, the BIA abused its discretion by relying on facts contained within the Record of Deportable/Inadmissible Alien ("I-213") without addressing its contested veracity. Singh maintained that he only saw a translated version of his application for withholding after Rai had filed it, at which point he told Rai that the information on the I-213 was factually incorrect and the product of procedural deficiencies. Singh further maintained that Rai failed to correct his use of information from the form despite Singh's subsequent objection.[1] The BIA accordingly erred by (1) stating in a conclusory manner that Rai's use of the information from that form did not prejudice Singh, and (2) concluding that Singh had not adduced "reliable" evidence of his 1990 entry, without explaining why it

---

[1] Indeed, Singh attempted at various points during his immigration proceedings to highlight—both to his attorneys and to the IJ—that the information on the I-213 was incorrect; was obtained during an "aggressive" and distressing English-language interview without proper translation; reflected Singh's acquiescence to leading questions designed to confirm another interviewee's facts; and was used by Rai in the application for withholding of removal and was not corrected even after Singh's specific objections.

4

found his proffered evidence and explanation for the date discrepancy on the I-213 unreliable. *See Espinoza v. I.N.S.*, 45 F.3d 308, 310 (9th Cir. 1995).

3. To the extent that the BIA concluded that Singh's IAC claims relating to a third attorney, Jaspreet Singh ("Jaspreet"), could be disposed of on the same supposed admissions as the alleged ineffective assistance by Rai, we apply the same reasoning as in Part 2, above, to hold that the BIA abused its discretion as to those IAC claims.

4. In his 2012 motion to reopen, Singh also maintained he was prejudiced by Jaspreet's failure to raise changes in Singh's personal circumstances in an earlier motion to reopen. The BIA did not abuse its discretion in construing the imprecise argument nor in disposing of it by stating that "changes in his personal circumstances in the United States . . . could not alone have supported reopening based on a claim of changed [country conditions]." *See Chandra v. Holder*, 751 F.3d 1034, 1038 (9th Cir. 2014).

5. Nor did the BIA abuse its discretion in disposing of the clarified argument presented in Singh's motion for reconsideration regarding Jaspreet's ineffective assistance. To demonstrate prejudice from Jaspreet's failure to raise a change in personal circumstances as a basis for filing an untimely asylum application, Singh must show that an asylum claim based on those changes, if

properly presented, would be viable. *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1027 (9th Cir. 2004). Because Singh does not allege past persecution on the basis of his interfaith marriage, he must demonstrate that he plausibly has an objectively "good reason to fear future persecution" in India on that basis by highlighting some country conditions evidence (whether newly submitted with his motion to reopen or already in the record). *See id.* at 1029; *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005). The BIA did not abuse its discretion by concluding that Singh failed to point to the evidence required to demonstrate a viable claim for asylum on the basis of his changed personal circumstances.

* * *

We grant in part and deny in part Singh's petition for review of the BIA's denial of his motion to reopen and remand to the BIA for further proceedings. We deny the petition for review of the BIA's denial of his motion for reconsideration as to Singh's asylum claim and dismiss as moot the remainder as it reiterates the same claims disposed of in the first petition.

**No. 13-71132 IS GRANTED IN PART, DENIED IN PART, AND REMANDED.**

**No. 13-72975 IS DENIED IN PART AND DISMISSED IN PART.**

6